UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-P85-S

FREDERICK MILLER                                                                    PLAINTIFF

v.

CORRECTIONS CORP. OF AMERICA, et al.                                DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A.  Plaintiff,

Frederick Miller, *pro se*, seeks legal and equitable relief, under 42 U.S.C. § 1983, from three

officials of the Lee Adjustment Center, where Plaintiff was incarcerated, and from the facility's

operator, the Corrections Corporation of America.  Plaintiff alleges he sustained temporary

injuries from being unnecessarily and deliberately subjected to pepper spray while locked down

in his cell during a prison riot, in violation of his rights under the Eighth Amendment to the

United States Constitution.  The Court will dismiss the complaint for failure to state a claim on

which relief may be granted.

## I.

When a prisoner commences a civil action against a government entity, officer, or

employee, the district court must review the complaint, before service of process on the

defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A;  *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the

plaintiff and accept all factual allegations as true.  *Prater v. City of Burnside*, 289 F.3d 417, 424

(6th Cir. 2002).  The district court better serves "substantial justice" by examining the "thrust, not just the text," of *pro se* litigants' allegations.  *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003).  Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996).  The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988).

## II.

Plaintiff alleges Defendant, Officer Deaton, sadistically and maliciously, for the very purpose of causing harm, subjected Plaintiff to pepper spray while locked in his cell during a prison riot.  Plaintiff explains rioting prisoners were locked in the recreation yard, while the non-rioting inmates were locked in their dorm units, including Plaintiff and three other cell mates, with plastic flex-cuff restraints.  About a half an hour before the riot was quelled, Plaintiff "stepped to the cell door to see what time is was when Sgt. Deaton came to the cell door and yelled, "Lay down!"  Plaintiff backed away from the door and tried explaining ... that he just wanted to know what time it was when Deaton positioned his can of pepper spray at the space at

the bottom of the cell door and filled the room with the contents of the can." (Compl. at 7.) Plaintiff and his cells mates remained in the cell, in restraints, without any decontamination, and in agony, for nearly five hours before guards entered the cell and cut off the restraints.

Plaintiff seeks $300,000 compensatory damages, $80,000 punitive damages, and injunctive relief by placing a court appointed master to oversee operations at the Lee Adjustment Center. Plaintiff sues Officer Deaton and the current and former wardens in their individual capacities as well as the corporate entity that operates the facility.

Since the incident, but before Plaintiff filed suit, state corrections authorities transferred Plaintiff to the Luther Luckett Correctional Complex.

## III.

Congress enacted § 1983 to create a civil remedy for individuals who have suffered injury at the hands of government officials acting in violation of federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983, itself, creates no substantive rights but, rather, affords a remedy to rights established elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

As a preliminary matter, Plaintiff's request for injunctive relief is moot, given that he is no longer in the custody of the Lee Adjustment Center. *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Whether Plaintiff may recover damages depends on whether the complaint contains sufficient allegations of fact to support a claim of excessive force.

The use of excessive force against a prisoner, if applied maliciously and sadistically for the very purpose of causing harm, regardless whether the prisoner suffers serious injury,

3

constitutes an unnecessary and wanton infliction of pain, in violation of the Cruel and Unusual

Punishment Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1 (1992).  "That

is not say that every malevolent touch by a prison guard gives rise to a federal cause of action."

*Id*., at 9.  If the excessive force alleged may be characterized as a *de minimis* use of physical force

– and not of a sort repugnant to the conscience of mankind, that force by definition is excluded

from constitutional recognition. *Id*. (internal quotation marks omitted).

Here, the allegations in the complaint admit the force occurred in the larger context of a

prison disturbance.  The Court must afford substantial deference to guards acting under

significant pressure; and, the use of pepper spray to silence obstreperous inmates, even inmates

locked down and segregated from the rioting inmates, qualifies as a *de minimis* use of force.  *See*

*Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002).  Viewed from the perspective of the

officer, the allegations provide no reasonable inference that the use of pepper spray was

unnecessary, wanton, or applied sadistically or maliciously for the very purpose of causing harm.

Rather, the allegations support a reasonable inference that the use of force occurred in the

atmosphere of limiting the contagion of a prison disturbance.  Therefore, the complaint will be

dismissed for failure to state a claim on which relief may be granted.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc:       Plaintiff, *pro se*
4411.007